# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FORSYTH COUNTY,

    Plaintiff,

v.

UNITED STATES ARMY CORPS
OF ENGINEERS, *et al.*,

    Defendants.

CIVIL ACTION NO.
2:08-CV-0126-RWS

## **ORDER**

This case comes before the Court on non-party YMCA of Metropolitan Atlanta's ("YMCA") Motion to Intervene [11]. After a review of the record, the Court enters the following Order.

## **Background**

Plaintiff Forsyth County initiated this action seeking declaratory and injunctive relief against Defendant United States Corps of Engineers ("Corps") for the outgrant of a recreational area known as Bethel Park to the YMCA. (Compl. [1].) Forsyth County contends that the Corps' selection of YMCA to

receive the Bethel Park outgrant violates 16 U.S.C. § 460d, which requires that local government agencies be given preference over non-profit organizations for outgrants, the Corps' own policies and regulations regarding public access to recreation areas without regard to creed, and the National Environmental Policy Act, 42 U.S.C. §§ 4321, *et seq*. requiring an Environmental Impact Statement. (Id.) YMCA, a non-party in the action, seeks to intervene either as a matter of right or permissively, and align with the existing defendants. (Dkt. No. [11] at 1.)

**Discussion**

**I.      Intervention as a Matter of Right**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, an individual may intervene as of right in a pending action if "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." See FED. R. CIV. P. 24(a)(2). A party seeking intervention under Rule 24(a)(2) must demonstrate that: (1) his application to intervene is timely; (2) he has an

2

interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit. Worlds v. Dep't of Health and Rehabilitative Servs., 929 F.2d 591, 593 (11th Cir. 1991) (quoting Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989)).

At a minimum, a Rule 24(a)(2) intervenor must demonstrate that he has a "significantly protectible interest" in the proceedings. Donaldson v. United States, 400 U.S. 517, 531, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971), *superseded by statute as stated in* In re EEOC, 709 F.2d 392, 397 (5th Cir. 1983); see also Chiles, 865 F.2d at 1213 (stating that Rule 24(a)(2) requires a "direct, legally protectible interest in the proceedings" which "must be a particularized interest rather than a general grievance"). Stated differently, the proposed intervenor must be "a real party in interest in the transaction which is the subject of the proceeding." Id. at 1214. And while a "party seeking to intervene need not demonstrate that he has standing in addition to meeting the requirements of Rule 24," standing principles are "relevant to help define the type of interest that the intervenor must assert." Chiles, 865 F.2d at 1213.

3

YMCA contends that it meets the four-part test outlined in Fed.R.Civ.P. 24(a) and seeks to "protect[] its contractual role in operating Bethel Park, an interest in precluding the already stated intent to retaliate against the YMCA, and an interest in preserving the YMCA's good name." (Dkt. No. [11] at 8.) The YMCA references a "written agreement" and an economic interest in the outcome of the litigation. (Id. at 3, 11.) Plaintiff correctly notes that in order to intervene as a matter of right, the intervenor must demonstrate that his interest in the subject matter of the litigation is "direct, substantial and legally protectable." Georgia v. United States Army Corps of Engineers, 302 F.3d 1242, 1249 (11th Cir. 2002). The Eleventh Circuit has held that this interest must be more than economic. Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1311 (11th Cir. 2005) ("What is required is that the interest be one which the substantive law recognizes as belonging to or being owned by the applicant. Thus, a legally protectable interest is an interest that derives from a legal right." quoting United States v. South Fla. Water Mgmt. Dist., 922 F.2d 704, 710 (11th Cir.1991)). Plaintiff contends that absent a contract between YMCA and the Corps, there is no legally protected interest which warrants intervention in the litigation. (Dkt. No. [20] at 11-12.) YMCA has not provided

4

to the Court any evidence of a written agreement or other contractual privity in existence between YMCA and the Corps regarding the outgrant of Bethel Park.[1] The fact that YMCA was the recipient of the outgrant does not amount to a legal right as required for an intervention as a matter of right. Furthermore, YMCA's interest in protecting its reputation or speculative economic investment is not direct, substantive, or derived from a legal right. Accordingly, YMCA has not met its burden of demonstrating that it has a significant protectible interest in the litigation.

Further, the Court finds that YMCA fails to establish the fourth prong of Fed.R.Civ.P. 24(a), that any interest it may have in the litigation is not adequately represented by the existing defendants. Although YMCA contends that the Corps does not share its same interests or factual development, the Court finds that objectives of the two entities are identical. (Dkt. No. [11] at 8); see Athens Lumber Co., Inc. v. Federal Election Com'n, 690 F.2d 1364, 1367

---

[1] The Corps has filed with the Court a Notice of Intent to execute a lease agreement with the YMCA on January 30, 2009. (Dkt. No. [28-1].) However, as of this Order's issue date, the Court has not been provided with evidence that the lease agreement was ever executed pursuant to the stated intent of the Corps. Accordingly, given the absence of such evidence, on the record before the Court, YMCA holds no legal interest in the Bethel Park property. The existence of a valid lease agreement may create sufficient common issues of law and fact such that a permissive intervention would be appropriate.

5

(11th Cir. 1982). Both the Corps and YMCA seek the goal of proceeding with the outgrant of Bethel Park to YMCA. The Corps has opposed the Plaintiff's Complaint and Motion for Preliminary Injunction and seeks a ruling sustaining the outgrant to YMCA. (See Dkt. Nos. [18] [19].) Accordingly, the Court finds that any interest YMCA has in the litigation is adequately represented by the existing defendants.

YMCA has not met its burden of establishing grounds for intervention as a matter of right.

## II.   Permissive Intervention

An individual may also be permitted to intervene in an action under Rule 24(b)(2) if the Court determines in its discretion that the intervention will not unduly delay or prejudice the rights of the original parties, and the potential intervenor has a "claim or defense" which shares a common question of law or fact with the plaintiff's claims. See FED. R. CIV. P. 24(b)(2). Thus, a party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common. Chiles, 865 F.2d at 1213. "The district

6

court has the discretion to deny intervention even if both of those requirements are met, and its decision is reviewed for an abuse of discretion." Id.

YMCA contends that it shares questions of law and fact with Plaintiff's claim due to commonalities in the land at issue, bidding criteria, and owner/landlord in the case. (Dkt. No. [25] at 2.) Here, the actual subject matter of the litigation pertains to alleged conduct on the part of the Corps in reaching its decision to award the outgrant of Bethel Park to YMCA. (Compl. [1].) Plaintiff's claims are sufficiently narrowed to the direct actions of the Corps such that YMCA conduct or interests are not at issue. Therefore, the Court finds that YMCA may not intervene permissively in this litigation.

Accordingly, YMCA's Motion to Intervene is **DENIED**.

## Conclusion

Based on the foregoing, non-party YMCA of Metropolitan Atlanta's Motion to Intervene [11] is **DENIED**.

**SO ORDERED** this  8th  day of May , 2009.

**RICHARD W. STORY**
United States District Judge

7