# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| FORSYTH COUNTY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:08-CV-0126-RWS |
| UNITED STATES ARMY CORPS : | |
| OF ENGINEERS, *et al.*, : | |
| : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on Plaintiff's Renewed Motion for a Preliminary Injunction [33]. Following a hearing held on December 11, 2009 and a review of the record, the Court enters the following Order.

I.  Background

Plaintiff Forsyth County initiated this action seeking declaratory and injunctive relief against Defendant United States Corps of Engineers ("Corps") for the outgrant of a recreational area known as Bethel Park to the YMCA. (Compl. [1].) Forsyth County contends that the Corps' selection of YMCA to receive the Bethel Park outgrant violates the Flood Control Act of 1944 (FCA), 16 U.S.C. § 460d, which requires that local government agencies be given

preference over non-profit organizations for outgrants, the Corps' own policies and regulations regarding public access to recreation areas without regard to creed, and the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321, *et seq*. requiring an Environmental Impact Statement. (Id.)  Plaintiff filed an initial motion for a preliminary injunction on June 27, 2008, which the Court denied with the right to refile due to potential settlement negotiations. (See Order date May 8, 2009 [29].)  Unable to resolve the dispute, Plaintiff amended its request for a preliminary injunction on November 9, 2009 [33].  The Court granted Defendant YMCA leave to intervene as a matter of right. (See Order dated December 11, 2009 [39].)  The Court held a hearing on December 11, 2009 to hear oral arguments.

## II. Discussion

It is settled law in this Circuit that a preliminary injunction is an "extraordinary and drastic remedy." Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).  To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) . . . irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the

>                       injunction issued, and (4) an injunction would not
>                       disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).

To demonstrate a substantial likelihood of success on the merits, Plaintiff argues that the Corps' decision to outgrant Bethel Park to the YMCA was contrary to the statutory authority granted in 16 U.S.C. § 460d.[1] Plaintiff contends that Forsyth County did not receive the preference for Bethel Park as required under the statute. Plaintiff states that the language of § 460d is mandatory and dictates that the Corp outgrant the property to a "ready and willing" local government agency. See e.g. City of Santa Clara, California v. Andrus, 572 F. 2d 660 (9th Cir. 1978).

---

[1] 16 U.S.C. § 460d states in relevant part:
The Secretary of the Army is also authorized to grant leases of lands, including structures or facilities thereon, at water resource development projects for such periods, and upon such terms and for such purposes as he may deem reasonable in the public interest: Provided, That leases to nonprofit organizations for park or recreational purposes may be granted at reduced or nominal considerations in recognition of the public service to be rendered in utilizing the leased premises: Provided further, That preference shall be given to federally recognized Indian tribes and Federal, State, or local governmental agencies, and licenses or leases where appropriate, may be granted without monetary considerations,to such Indian tribes or agencies for the use of all or any portion of a project area for any public purpose, when the Secretary of the Army determines such action to be in the public interest, and for such periods of time and upon such conditions as he may find advisable.

3

In response, Defendants state that the Corps complied with the statute and congressional intent by outgranting the park to the YMCA. While acknowledging the preferential treatment enjoyed by the County, the Corps argued that the primary purpose of 16 U.S.C. § 460d was to maximize the "public interest." In an effort to outgrant the park to the user who would best serve the public interest, the Corp contends that it utilized a point system to evaluate the detailed proposals submitted by Forsyth County and the YMCA. (Dkt. No. [36] at 14.) Such an evaluation was based on seven (7) criteria designed to assess which proposal better served the surrounding community. Id. The Corps states that while the County's preferential treatment was factored into the analysis, the agency ultimately determined that YMCA's proposal better met the needs of the public.

The parties request that the Court reviewe the agency's decision to determine whether the outgrant of Bethel Park to the YMCA was proper under § 460d. Under the Administrative Procedures Act (APA), the court is required to give great deference to the agency and set aside only those decisions and findings that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). When an agency is targeted

4

with the role of interpreting a statute, "the question for the court is whether the agency's answer is based on a permissible construction of the statute." Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 843, 104 S.Ct. 2778 (1984). The court must not substitute its own judgment for that of the agency, but rather simply determine whether the administrative interpretation was "contrary to clear congressional intent." Id. at FN 9.

In light of these well-settled principles, the Court turns now to determine whether the Corps' interpretation and application of 16 U.S.C. § 460d was permissible. The Court finds that it was. In reviewing the language of the statute, the clear objective is to entrust the agency to grant leases of land in the public interest. (See 16 U.S.C. § 460d stating "as he may deem reasonable in the public interest".) Such role is couched with conditions and requirements, as exemplified in the "provided" and "provided further" language. While the Secretary of the Army has discretion to grant land leases, he is constrained by language requiring that preferential treatment be afforded to federally recognized Indian tribes and Federal, State, or local governmental agencies. Id. However, the preferred organization must also meet the primary and founding goal of the statute by serving the public interest. It is within the Secretary of the

5

Army's discretion to determine which organization is most aligned with the needs of the community and public interest overall. In the Corps' analysis of the outgrant of Bethel Park, it recognized and acknowledged Forsyth County's mandated preferential treatment. However, the Corps found that despite the County's advantage, YMCA's use of the park better served the public interest. The Court finds that this was a reasonable interpretation of the statute and not contrary to clear congressional intent.

Plaintiff further argues that the Corps' outgrant decision violated the "public use" provision of the FCA, and the Corps' own regulations at 36 C.F.R. § 327.1(d) because the YMCA's summer camp program would not be available to the public generally.[2] (Dkt. No. [2] at 25.) In response, Defendants state that while the YMCA plan purports to limit use of the park by the general public, it serves a disadvantaged sector of the population who otherwise would not have access to such outdoor recreational opportunities. Furthermore, the facility

---

[2] 36 C.F.R. § 327.1(d) states in relevant part:
(d) All water resources development projects open for public use shall be available to the public without regard to sex, race, color, creed, age, nationality or place of origin. No lessee, licensee, or concessionaire providing a service to the public shall discriminate against any person because of sex, race, creed, color, age, nationality or place of origin in the conduct of the operations under the lease, license or concession contract.

6

would be available for use by non-YMCA organizations at other times of the year. (Dkt. No. [36] at 18.) The Court finds that the Corps' decision to outgrant Bethel park to YMCA demonstrates a reasonable interpretation of the FCA. While the YMCA plan does restrict general use, the Court finds that such restrictions are reasonable and do not create exclusive private use of the land. Liddle v. Corps of Engineers, 981 F.Supp. 544 (M.D. Tenn. 1997). After careful analysis, the Corps has concluded that granting the lease to the YMCA would maximize use of the land and serve the needs of Metro Atlanta. The Court finds that Plaintiff has not shown a likelihood of success in demonstrating that the Corps has violated the "public use" provision of the FCA and 36 C.F.R. § 327.1(d).

Finally, Plaintiff argues that the Corps outgranted Bethel Park to the YMCA without preparing a proper Environmental Impact Statement ("EIS") as required under NEPA. (Dkt. No. [2] at 25.) The Environmental Assessment ("EA") finalized by the Corps in May 2008 evaluated the alternatives of a "no-action" plan of allowing Bethel Park to remain in its present state, developed by the Corps in accordance with its 1987 Master Plan, and the proposals of the YMCA and Forsyth County. (Dkt. No. [36] at 20-21.) Following a public

7

comment period, the Corps issued a finding of no significant impact ("FONSI") as to either proposed plan. Based on this finding and an evaluation of the proposed plan, the Corps outgranted the lease to the YMCA. Plaintiff has failed to demonstrate that the Corps' decision was arbitrary or capricious or in violation of the NEPA. While the County contends that the Corps did not take a "hard look" at the environmental impact of the YMCA's proposal prior to issuing the FONSI, the Court finds no evidence that the Corps' decision was uninformed or ignorant.

## Conclusion

Based on the Court's findings, Plaintiff Forsyth County has failed to demonstrate a substantial likelihood of success on the merits. Accordingly, Plaintiff's Renewed Motion for a Preliminary Injunction [33] is **DENIED**.

**SO ORDERED** this __23rd__ day of December, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)